## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| VANESSA HONORATO, *et al.* | ) | |
| | ) | |
| *Plaintiffs,* | ) | |
| | ) | No. 20 C 3385 |
| v. | ) | |
| | ) | Judge Virginia M. Kendall |
| MT. OLYMPUS ENTERPRISES, INC., *et al.* | ) | |
| | ) | |
| *Defendants.* | ) | |
| | ) | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Plaintiff Vanessa Honorato, representing herself individually and the estate of Maryana Joanna Munoz, filed this lawsuit against Mt. Olympus Water & Theme Park, Mt. Olympus Enterprises, Inc. ("Enterprises"), Mt. Olympus Resorts, LCC ("Resorts"), and Wisconsin Dells Visitor and Convention Bureau ("WDVCB") for the wrongful death of her daughter, which occurred in the parking lot of Hotel Rome when she was struck and killed by a third-party who is not a defendant in the suit. Honorato brings two claims under a theory of premises liability alleging defendants were negligent in their duty to properly operate, design, and maintain the parking lot. Defendants now move pursuant to Federal Rule of Civil Procedure 12(b)(2) to dismiss this action for lack of personal jurisdiction, or in the alternative, to transfer pursuant to 28 U.S.C. § 1404. (Dkts. 10, 15). Plaintiffs, in turn, have filed a Motion to Remand. (Dkt. 18). Because this Court does not have personal jurisdiction over Defendants and because venue is improper in this District, the Court grants

1

Defendants' motions to transfer venue pursuant to 28 U.S.C. § 1406. The Plaintiff has made no showing that removal on the basis of diversity jurisdiction was improper, therefore her Motion to Remand is denied.

## FACTS

The Court assumes that the following facts taken from Honorato's Complaint (Dkt. 1-2) are true for purposes of this motion. *W. Bend Mut. Ins. Co. v. Schumacher*, 844 F.3d 670, 675 (7th Cir. 2016).

Plaintiff Honorato was and is a resident of Bensenville, Illinois. (Dkt. 1-2 ¶ 1). Defendant Mt. Olympus Water & Theme Park is a Wisconsin corporation located in Sauk County, Wisconsin Dells, Wisconsin and is in the business of operating indoor and outdoor recreational water parks and theme parks in the Wisconsin Dells area. (*Id.* ¶¶ 3–4). Defendant Mt. Olympus Enterprises, Inc. is a Wisconsin corporation located in the Sauk County, Wisconsin Dells, Wisconsin that owns, controls, maintains and/ operates various water & theme parks including Mt. Olympus Water & Theme Park. (*Id.* ¶ 6). Defendant, MT. Olympus Resorts, LLC. is a Wisconsin corporation located in Sauk County, Wisconsin Dells, Wisconsin that owns, controls, maintains and operates various hotel and motel properties in the Wisconsin Dells and throughout the State of Wisconsin including the Hotel Rome. (*Id.* ¶¶ 7–8). Hotel Rome is part of the Defendant Mt. Olympus Water & Theme Park Resort, which is owned by Defendants, Mt. Olympus Resorts, LLC. and Mt. Olympus Enterprises, Inc. (*Id.* ¶¶ 8–9). Defendant WDVCB is a Wisconsin Corporation that is the marketing and public relations co-operative operating on behalf of the Defendants. (*Id.* ¶ 10).

Defendants here are the beneficiaries of the WDVCB marketing and sales solicitation efforts. (*Id.* ¶ 22). Defendants, through their agent WDVCB, advertised, promoted and solicited sales for their hotels/motels, amusements and attractions to a variety of states including Illinois. (*Id.* ¶ 23). Defendants saw Chicago as a "growth plus market," and as such the WDVCB consistently conducted in-person sales calls in the Chicago area to secure business for its members. They also targeted markets outside of Wisconsin and Illinois. (*Id.* ¶¶ 24–25). The WDVCB distributes over 250,000 of the Official Wisconsin Dells Vacation Guide throughout the Chicagoland area annually in an effort to solicit business. (*Id.* ¶ 26). In 2018, Chicago-area visitors to the Wisconsin Dells accounted for the majority of revenues received by Defendants. (*Id.* ¶ 29). In 2018, over 80% of WDVCB's annual budget was spent on marketing specifically, $10.6 million dollars with advertising channels in radio, TV, digital/interactive, print, outdoor and social that is directed to market segments in a variety of cities including but not limited to the cities of Rockford and Chicago. (*Id.* ¶ 15).

On or about August 7, 2018, Plaintiff Honorato, along with her three-year-old daughter, Maryana Joanna Munoz and other family members held a day pass to attend Mt. Olympus Water & Theme Park. (*Id.* ¶ 35). On August 7, 2018, Honorato, her daughter Munoz, and other family members were leaving Park and were walking to Honorato's car parked in the Hotel Rome Parking lot. (*Id.* ¶ 38). Ms. Kasza (who has not been sued in this case and whose first name is not given) was driving in the Hotel Rome parking lot with her two daughters as passengers and navigating

towards the exit of the Hotel Rome parking lot. (*Id.* ¶¶ 37–39). Kasza was talking to her daughter and on her cell phone at the time. (*Id.* ¶ 41). Kasza struck and ran over Munoz while Honorato and her family members screamed at her to stop, however, rather than stop, Kasza ran over the girl a second time. (*Id.* ¶¶ 42– 44). Plaintiffs allege that defendants were negligent because of their failure to provide a reasonably safe means of egress and ingress from the theme park, including building sidewalks and walkways; failure to erect signs warning of danger in their parking lots; failure to employ safety personnel in their parking lots; and failure to provide reasonably safe premises. (*Id.* ¶ 47).

## LEGAL STANDARD

At early stages in litigation and without the benefit of an evidentiary hearing, a plaintiff defending against a 12(b)(2) motion to dismiss "bears only the burden of making a *prima facie* case for personal jurisdiction." *uBID, Inc. v. GoDaddy Grp., Inc.*, 623 F.3d 421, 423 (7th Cir. 2010). A complaint need not contain facts alleging personal jurisdiction. Once a 12(b)(2) motion has been filed, however, the Court may review the "relevant facts presented in the record" to determine whether the plaintiff has met her burden. *Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003).

## DISCUSSION

### I. Personal Jurisdiction

A federal court exercising diversity jurisdiction has personal jurisdiction only where a court of the state in which it sits has jurisdiction. *Kipp v. Ski Enter. Corp.*

*of Wisconsin, Inc.*, 783 F. 3d. 695, 697 (7th Cir. 2015). Pursuant to the Illinois long-arm statute, federal courts in Illinois have personal jurisdiction over parties to the extent permitted by the Due Process clause of the Fourteenth Amendment. *uBID, Inc.*, 623 F.3d at 425; 735 ILCS 5/2–209(c) ("A court may also exercise jurisdiction on any other basis now or hereafter permitted by the Illinois Constitution and the Constitution of the United States."). The Constitutional requirement is that a party must have "'certain minimum contacts with [the forum] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *Id.* (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). Personal jurisdiction exists wherever the defendant has deliberately established contacts with the forum state, "or in other words, he must purposefully avail himself of the forum state 'such that he should reasonably anticipate being haled into court there.'" *Philos Techs, Inc. v. Philos & D, Inc.*, 802 F.3d 905, 923 (7th Cir. 2015) (quoting *King Corp. v. Rudzewicz*, 471 U.S. 462, 474–75 (1985)). "It is the defendant—not the plaintiff . . . that must create the contacts in the forum state . . . ." *Id.* (citing *Walden v. Fiore*, 571 U.S. 277, 284 (2014)). Personal jurisdiction does not exist where the defendant's contacts with the forum state are merely "'random, fortuitous, or attenuated.'" *Walden*, 571 U.S. at 286 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985)).

Depending on the extent of a party's contacts with the forum state, a federal court may have general or specific personal jurisdiction over a party. General jurisdiction is "all-purpose"; it exists only "when the [party's] affiliations with the

State in which suit is brought are so constant and pervasive as to render it essentially at home in the forum State." *Kipp*, 783 F.3d at 697–698 (citing *Daimler AG v. Bauman*, 571 U.S. 117, 122 (2014). General jurisdiction exists only when the organization is "essentially at home" in the forum State. *Goodyear Dunlop Tires Operation, S.A. v. Brown*, 564 U.S. 915,919 (2011). Only two places exist where that condition will be met: the state of the corporation's principal place of business and the state of its incorporation. *Daimler*, 571 U.S. at 137. Here, none of the Defendants are incorporated in Illinois, nor is it their principal place of business. Although Plaintiffs allege that Defendants send advertisements and mailings to Illinois consumers and attend business calls, these actions are insufficient to establish general jurisdiction standard. *See Kipp*, 783 F.3d at 698–699 (finding no jurisdiction where defendants engaged in some business in Illinois, including advertising and attending trade shows, and that the mere solicitation of business is inadequate).

Specific jurisdiction exists where a defendant's suit-related conduct creates a substantial connection with the forum state. *Walden*, 571 U.S. at 284. Such conduct is sufficient to establish specific jurisdiction only where the "defendant himself" creates contact with the forum state; the relevant factor is the "defendant's contacts with the forum state itself, not the defendant's contacts with persons who reside there." *Id.* at 284–85. "Specific personal jurisdiction is appropriate where (1) the defendant has purposefully directed his activities at the forum state or purposefully availed himself of the privilege of conducting business in that state, and (2) the alleged injury arises out of the defendant's forum-related activities." *N. Grain*

6

*Marketing, LLC v. Greving*, 743 F.3d 487, 492 (7th Cir. 2014) (internal quotations omitted). In other words, "the defendant's contacts with the forum state must directly relate to the challenged conduct or transaction." *Id.* (internal quotations omitted).

Assuming that WDVCB's actions are indicative of all Defendants' actions, the record suggests Defendants established minimum contacts with Illinois by repeatedly advertising in Chicago and northern Illinois. (Dkt. 1-2 ¶¶ 14, 21–29). Other conduct directed at Illinois included mass circulation of vacation guides in the Chicagoland area and in-person business calls in Chicago. (*Id.* ¶¶ 25–26). The Defendants purposefully directed activities at the forum state and conducted limited business in Illinois. That activity, however, is not enough to demonstrate whether the alleged injury arose out of Defendants' forum-related activities or that it was related. There are no allegations that Plaintiff was induced to visit Hotel Rome after viewing Defendants' advertisements, website, or participating in an in-person business call. There are no allegations that Defendants or Ms. Kazsa visited the Park after viewing or engaging with any of Defendants' advertising activities, and there are no allegations that the advertising and business activities in Illinois pertained to the safety and care of Hotel Rome's parking lot. Plaintiffs have been unable to allege any facts that link the tragic death of Plaintiff's child to Defendants' alleged activities directed at Illinois consumers. Therefore, there is no basis for specific jurisdiction here. *Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 716 (7th Cir.2002) (noting that a "suit must 'arise out of' or 'be related to' [a defendant's] minimum contacts with the forum state"); *Curry v. Revolution Laboratories, LLC*, 949 F.3d 385, 400 (7th Cir. 2020)

(reaffirming that there must be a connection between the forum and the specific claims at issue) (citations omitted).

As a last-ditch attempt to assert jurisdiction, Plaintiff claims she reserved her ticket online, an allegation not pled in her Complaint, and it is unclear if she reserved her tickets through a specific Defendant's website. (Dkt. 27 at 12). The Plaintiff says that "but-for WDVCB's activities, Plaintiff and her family members would have never been at the Wisconsin Dells had they not purchased online tickets" and claims that Defendants suggestions that Plaintiff's injuries were due to an automobile accident and have no relation to WDVCB's activities is a "red herring." (*Id.*). Even if the Plaintiffs would have alleged the purchase of the ticket through an online service, the sale of the ticket and the advertising in Illinois have nothing to do with premise liability of a parking lot in Wisconsin. "[E]ven regularly occurring sales of a product in a State do not justify the exercise of jurisdiction over a claim unrelated to those sales." *Curry*, 949 F.3d at 400 (citing *Goodyear*, 564 U.S. at 931 n.6). In determining whether specific jurisdiction exists, the Court considers "the elements of the underlying tort for the light that they cast on the relationship between the defendant, the forum, and the litigation." *J.S.T. Corporation v. Foxconn Interconnect Tech. Ltd.*, 965 F.3d 571, 578 (7th Cir. 2020). Plaintiff's claims arise out of premise liability due to allegedly dangerous conditions of the Hotel Rome parking lot. The elements of a premise liability claim and the alleged sale of an online ticket do not form a sufficient relationship between defendants, the forum, and the litigation.[1]

---

[1] The elements of premise liability under Illinois law include: 1) existence of condition that presents unreasonable risk of harm to persons on the premises; (2) that defendants knew, or should have

In a similar case in this district arising out of a personal injury claim at a Wisconsin Dells waterpark where the only link to Illinois was WDVCB's advertisements, that court also declined to find general or specific jurisdiction. Interestingly, that court did not find specific jurisdiction due to the lack of a link between the injury and the advertising in Illinois. In that case, the injury was actually a waterslide injury which one might find to be more linked to the type of advertising that the Defendants were engaged in while attempting to induce customers to the water park. In declining specific jurisdiction, the court there stated that where the only link were advertisements and no allegations were made that the advertisements induced plaintiff's visit, there was no inference to give rise to an "intimate relationship" between the Illinois contacts and the claim to "make the relatedness quid pro quo balanced and reasonable." *Faxel v. Wildnerness Hotel & Resort, Inc.*, 2019 WL 6467317, *3 (N.D. Ill. Dec. 2, 2019). Similarly, the tragic fact of a parking lot death is too tenuous to establish specific jurisdiction arising out of Defendants' activities in Illinois.

## II.     Transfer of Venue

This Court does not have personal jurisdiction over any Defendant. However, Defendants have also moved for a transfer to the Western District of Wisconsin. A district court may transfer a case to another proper venue regardless of whether it

---

known, that the condition posed an unreasonable risk of harm; (3) that defendants should have anticipated that individuals on the premises would fail to discover or recognize the danger or otherwise fail to protect themselves against it; (4) negligent act or omission on part of defendant; (5) injury suffered by plaintiff; and (6) that the condition of property was proximate cause of injury to plaintiff. *Barrios v. Fashion Gallery, Inc.*, 255 F.Supp.3d 728, 731 (N.D. Ill. 2017) (citing *Parker v. Four Seasons Hotels, Ltd.*, 845 F.3d 807, 811 (7th Cir. 2017)).

has personal jurisdiction over the defendant under 28 U.S.C. § 1404 or § 1406. *See Cote v. Wadel*, 796 F.2d 981, 985 (7th Cir. 1986). In consideration of the parties' arguments, the Court will consider whether transfer of venue is appropriate.

Under the federal venue statute: "A civil action may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b).

Transfer under § 1404(a) is proper only if venue is proper in the transferor court, venue and personal jurisdiction would be proper in the transferee court, and transfer will serve the convenience of parties and witnesses and the interests of justice. *Lewis v. Grote Industries, Inc.*, 841 F. Supp. 2d 1049, 1052 (N.D. Ill. 2012); *Pouliot v. Board of Trustees of University of Ill.*, 2019 WL 1057316, *2 (N.D. Ill. Mar. 6, 2019)) (to succeed the movant must show "(1) venue is proper in this district; (2) venue is proper in the transferee district; (3) the transferee district is more convenient for both the parties and witnesses; and (4) transfer would serve the interest of justice."); Wright & A. Miller, Fed. Prac. & Proc. Juris. § 3844 (4th ed.). Here, while Defendants do not argue that venue is improper in this District, venue here fails to meet the provisions of 28 U.S.C. § 1391 since Defendants are all residents of

Wisconsin, events which are the subject of the action all occurred in Wisconsin, and the Court does not have personal jurisdiction over the Defendants. A transfer of venue can still be performed, but must be done under 28 U.S.C. § 1406(a), which states, "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

Venue in the Western District of Wisconsin is undisputed. The question remains, then, is whether to transfer in the interest of justice. Section 1406 does not require a multi-part balancing test like § 1404. Instead "transfer is ordinarily in the interest of justice because dismissal of an action that could be brought elsewhere is "time consuming" and may be "justice-defeating." *See, e.g. Spherion Corp. v. Cincinnati Financial Corp.*, 183 F. Supp. 2d 1052, 1059–1060 (N.D. Ill. 2002) (citing *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 467 (1962)). Here, Plaintiff has premised her Complaint on Illinois law. She will likely have to re-write and amend her Complaint based upon Wisconsin law, where personal jurisdiction is proper and Wisconsin law would apply. However, in order to save time and resources, the Court will grant the transfer in the interest of justice to the Western District of Wisconsin, where venue is proper. *See Mace v. Berje, Inc.*, 2019 WL 6683055, *1 (N.D. Ill. Dec. 6, 2019) (finding that because venue was proper in another district, the Court was within its discretion to transfer in the interests of justice); *Amachree v. Barr*, 2019 WL 6467316, * 2 (N.D. Ill. Dec. 2, 2019) (if venue is improper, the court may either dismiss the suit or

transfer it to a district in which the plaintiff could have filed it initially) (citations omitted).

## III. Motion to Remand

Plaintiff brings a Motion to Remand, in which the only arguments pertain to whether Illinois can assert personal jurisdiction over Defendants. (Dkt. 18). Such arguments are inappropriate for a motion to remand. There are no arguments that removal was untimely or that the case could not have originally been brought in federal court. *See* 28 U.S.C. § 1441(a); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987); *Ne. Rural Elec. Membership Corp. v. Wabash Valley Power Ass'n*, 707 F.3d 883, 890 (7th Cir. 2013).

The case here was removed based on diversity jurisdiction. (Dkt. 1 ¶¶ 7–12). Diversity jurisdiction requires that the parties be of diverse state citizenship and that the amount in controversy exceed $75,000. 28 U.S.C. § 1332(a); *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 83-84 (2014). A removing defendant in a diversity case must also satisfy the requirements of 28 U.S.C. § 1441(b). The language of § 1441(b)(2) (the forum defendant rule) prohibits removal in diversity cases when one of the "parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." *Schur v. L.A. Weight Loss Centers, Inc.*, 577 F.3d 752, 758 (7th Cir. 2009).

Here, Plaintiff is a citizen of the State of Illinois. All defendants are citizens of the state of Wisconsin, are not citizens of Illinois, and WDVCB consented in writing to removal after the Mt. Olympus Water & Theme Park Defendants removed. (*See*

12

Dkt. 1; Dkt. 9). Defendants believe that the amount in controversy will exceed $75,000 based upon the death of Plaintiff's daughter. (Dkt. 1 ¶ 6). The case was properly removed and Plaintiff makes no arguments to the contrary.

## **CONCLUSION**

Because the Court does not have personal jurisdiction and venue is improper in this District, the Court grants Defendants' motions to transfer venue [Dkts. 10, 15] and directs the Clerk to transfer the case to the Western District of Wisconsin forthwith under 28 U.S.C. § 1406(a). Plaintiff has presented no arguments that removal was improper or untimely, and therefore her motion to remand [Dkt. 18] is denied.

Virginia M. Kendall
United States District Judge

Date: September 29, 2020